Filed 6/16/21  P. v. Harris CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVON DANTE HARRIS,<br><br>    Defendant and Appellant. | F080893/F081136<br>(Consolidated)<br><br>(Kern Super. Ct. No. BF171027C)<br><br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  H. A. Staley (Retired Judge of the Kern Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Charles R. Brehmer, Judges.†

Erica L. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P.J., Levy, J. and Detjen, J.

† Judge Staley presided over the hearing on the revocation of probation; Judge Brehmer presided over the plea hearings, admission hearing, and the sentencing hearing.

## INTRODUCTION

Appellant and defendant Devon Dante Harris pleaded no contest to residential burglary and was placed on probation. He violated probation and was sentenced to prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

Around 3:00 a.m. on January 23, 2018, officers from the Bakersfield Police Department responded to a robbery dispatch at a residence.[1] When they arrived, they saw defendant, Joshua Soto (Soto), and Erin Michelle Wright (Wright) running from the residence and took them into custody.

The officers contacted the resident, who reported he woke up to find the three suspects inside the house and going through his belongings. The resident identified defendant as his nephew and said he had previously seen Wright. The resident said Soto threatened to kill him and indicated he had a gun. The suspects left with four tires and rims that the resident had purchased from Wright the prior night.

The resident said he locked the door after they left, but defendant and Soto returned and kicked down the door. Defendant watched while Soto held the resident down on the bed with his arm around his throat. Soto took the resident's cell phone and keys to the house and car, and they again fled.

The resident positively identified defendant, Soto, and Wright, and they were found in possession of his property that they took from the residence that night.

---

[1] While there was a preliminary hearing in case No. BF171027, the transcript is not contained in the instant record. The following facts are from the police report in case No. BF171027, as summarized in the probation report.

When questioned about the incident, defendant claimed he did not know Soto and Wright, that he was standing outside his uncle's house, and they asked him to help them get some stuff. Defendant said he went in the house to make sure they did not harm his uncle.

**The charges**

On June 4, 2018, an amended information was filed in the Superior Court of Kern County case No. BF171027 (F080893), charging defendant, and codefendants Soto and Wright, with committing the following offenses on January 23, 2018.

All three defendants were charged with count 1, robbery of an inhabited dwelling in concert with two or more other persons (Pen. Code, § 213, subd. (a)(13)(A));[2] count 2, taking property from a person by force or fear in an inhabited dwelling house (§ 212.5, subd. (a)); count 3, residential burglary (§ 460, subd. (a)), and counts 8 and 11, misdemeanor possession of stolen property, chrome rims and a car stereo (§ 496, subd. (a)).

Defendant and Soto were separately charged with count 4, robbery in concert (§ 213, subd. (a)(1)(B)); count 5, taking property from a person by force or fear in an inhabited dwelling house, an iPhone and car keys (§ 212.5, subd. (a)); and count 6, residential burglary (§ 460, subd. (a)).

In count 7, Soto was charged with criminal threats (§ 422); and count 10, misdemeanor receiving stolen property, an iPhone (§ 496, subd. (a)). In count 9, Wright was charged with misdemeanor receiving stolen property, car keys.

It was further alleged that defendant had one prior prison term enhancement (§ 667.5, subd. (b)).

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

**Plea**

On June 12, 2018, defendant pleaded no contest to count 3, residential burglary, and admitted the allegation that a person other than an accomplice was present and that it was a violent felony (§ 667.5, subd. (c)(21)), for an indicated sentence of formal probation for three years. The court granted the People's motion to dismiss the remaining charges and allegations on condition the plea remain in effect.

On the same day, Soto also pleaded no contest to count 3, residential burglary, and admitted one prior strike conviction and two prior prison term enhancements, for an indicated term of 10 years and dismissal of the other charges and allegations. The prosecutor stated that all charges would be dismissed against codefendant Wright.

**First sentencing hearing**

On November 29, 2018, the court sentenced defendant to the upper term of six years in prison, and suspended execution of that sentence pending the successful completion of three years of formal probation subject to certain terms and conditions.

**Probation violation**

On January 9, 2019, the probation department filed a report with the court that defendant violated probation because he failed to report to the probation office as ordered, and he committed new violations of law that were charged against him in case No. BF175085.

On January 10, 2019, the court summarily revoked defendant's probation.

**Plea and admission hearing**

On February 18, 2020, defendant entered into a negotiated disposition on both the new charges in case No. BF175085A, and his probation violation in the instant case No. BF171027C.

In case No. BF175085A, defendant pleaded no contest to count 3, felony assault with a deadly weapon with force likely to produce great bodily injury (§ 245,

4.

subd. (a)(4)), and admitted a prior strike conviction, with dismissal of the other charges and allegations in that case, for an indicated second strike term of four years in prison.

In case No. BF171027C, defendant admitted that he violated probation, for an indicated term of four years to be served concurrently with the sentence imposed in case No. BF175085A.

## Sentencing

On April 1, 2020, the court conducted the sentencing hearing. In case No. BF175085A, the court imposed the lower term of two years, doubled to four years as the second strike term for defendant's conviction of assault with force likely to produce great bodily injury.

In case No. BF171027C, based on defendant's conviction of residential burglary and violation of probation, the court had previously imposed and suspended a term of six years. The court granted the People's motion to resentence, and instead imposed the midterm of four years, to run concurrently to the term imposed in case No. BF175085A.

## Appellate motions and orders

On March 2, 2020, defendant filed a notice of appeal in case No. BF171027C, his no contest plea to count 3, residential burglary (F080893). The court denied his request for a certificate of probable cause.

On May 8, 2020, defendant filed a notice of appeal from the court's revocation of probation in case No. BF171027C (F081136).

On August 25, 2020, defendant filed a motion for this court to consolidate his appeals in cases Nos. F080893 and F081136.

On September 21, 2020, this court granted defendant's motion, consolidated the two appeals, and ordered that all documents, including the appellate briefing, shall be filed under case No. F080893.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 19, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.